**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 21 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MAURICE B. MOORE,

Petitioner - Appellant,

v.

MICHAEL A. NELSON, Warden;
CARLA J. STOVALL, Attorney
General of Kansas,

Respondents - Appellees.

No. 02-3024
D.C. No. 00-CV-3146-DES
(D. Kansas)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Maurice B. Moore, appearing *pro se*, appeals the district court's denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. Because petitioner has not made a substantial showing of the denial of a constitutional right, we deny his application for a certificate of appealability and dismiss the appeal. Petitioner also filed a petition for a writ of mandamus seeking release pending appeal. [1] Based on our dismissal of petitioner's habeas appeal for lack of meritorious issues, we dismiss his mandamus petition as moot.

In February 1986, petitioner tendered his plea of guilty to aggravated battery on a police officer and unlawful possession of a firearm in the Kansas state court. Petitioner was sentenced to concurrent sentences of thirty years to life on the first count, and three to ten years on the second count. In November 1996, the state district court granted petitioner's motion for post-conviction relief and vacated his convictions. The court held that petitioner's plea was improvidently accepted because the trial court did not adequately ascertain that the plea was knowing and voluntary, and because the trial court relied upon petitioner's signed plea instead of requiring him to enter the plea in open court. R., Doc. 3, Ex. B.

In January 1997, the state filed an amended information against petitioner, and on April 10, 1997, petitioner pleaded guilty to the charges of aggravated

---

[1] Because the mandamus petition patently lacked merit and petitioner's habeas appeal was set for consideration, we delayed deciding the petition until petitioner's habeas issues were considered.

-2-

battery, unlawful possession of a firearm, and carrying a concealed firearm. Petitioner was again sentenced to an indeterminate sentence of thirty years to life, and his convictions and sentence were affirmed on direct appeal in December 1999.

Between petitioner's first and second guilty pleas, the State of Kansas changed its sentencing guidelines from indeterminate sentencing to determinate sentencing. Although the new guidelines applied only to defendants who committed their crimes after July 1, 1993, section 21-4724(b) of the Kansas Statutes contained a limited retroactivity provision for certain offenders whose crimes were less serious and whose sentences would have been shorter under the new guidelines. *Id.* The guidelines also provided that defendants who committed their offenses before July 1, 1993, but were sentenced after that date, should be sentenced under the old law, but that the sentencing court should determine what the sentence would be under the new law. *Id.*, § 21-4724(f). In *State v. Fierro*, 895 P.2d 186, 191 (Kan. 1995), the Kansas Supreme Court interpreted this provision as "providing offenders sentenced after July 1, 1993, *who are otherwise qualified for retroactivity under 21-4724(b)*, the same opportunity for retroactivity as offenders sentenced before that date." (emphasis added).

In December 1997, the state court held a hearing to determine petitioner's sentence under the new guidelines. The state court held that petitioner was not

eligible for conversion to the new guidelines because of the seriousness of his crimes. Petitioner brought a second post-conviction motion to challenge his sentence, which was denied, and the Kansas Court of Appeals affirmed the denial in November 2000. The Kansas Supreme Court denied review.

On April 27, 2000, petitioner filed this petition for a writ of habeas corpus. The district court denied relief, holding that (1) jeopardy did not attach when petitioner entered his 1986 plea because the factual basis was not evidence upon which the district court found petitioner guilty; (2) petitioner's argument that his conviction was based on insufficient evidence failed for the same reason; (3) petitioner's speedy trial argument based on state law was not cognizable on habeas review; (4) the speedy trial "clock" was reset when petitioner's initial plea was vacated, and the delay between this event and his second guilty plea was not presumptively prejudicial; (5) alternatively, the speedy trial issue was waived by petitioner's voluntary and intelligent guilty plea; (6) petitioner was not deprived of equal protection or due process because he was ineligible for sentence conversion under the new sentencing guidelines; (7) petitioner's ineffective assistance claims were without merit under *Strickland v. Washington*, 466 U.S. 668 (1984); and (8) petitioner's claims of judicial misconduct failed either because they were wholly lacking in merit or because they were based on an alleged violation of state law. R., Doc 13. Petitioner appeals.

-4-

Before we may consider his appeal, petitioner must obtain a certificate of appealability by making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). If the district court denied a claim on its merits, petitioner may make this showing by demonstrating that "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the claim was denied upon a procedural ground, however, petitioner must show both that the procedural ruling is debatable and that his petition stated a valid claim of the denial of a constitutional right. *Id.* Petitioner has not demonstrated his entitlement to a certificate of appealability on any of his issues.

Petitioner's double jeopardy claim has no merit because it is well established that "the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction." *Lockhart v. Nelson*, 488 U.S. 33, 38 (1988). Further, contrary to petitioner's claim, his initial guilty plea was not set aside due to insufficient evidence, and therefore the exception recognized in *Burks v. United States*, 437 U.S. 1, 18 (1978), does not apply.

Petitioner's due process argument is similarly deficient. Petitioner appears to argue that the parties' 1986 stipulation of facts was binding in 1997, and that, therefore, the evidence was insufficient to convict him of the amended charges. This argument is based on two incorrect assumptions. First, the 1986 stipulation was not "evidence" upon which the state court "found" petitioner guilty, but was a factual recitation in support of petitioner's plea. Second, by entering the 1997 plea, petitioner admitted his guilt of the substantive crimes which were the subject of the plea. *See United States v. Broce*, 488 U.S. 563, 570 (1989).

Petitioner also has not made a substantial showing that he was denied a constitutional right based on his speedy trial claim. As the district court held, petitioner's speedy trial claim did not date back eleven years to the time he was initially charged in 1986, but began to run after his conviction was set aside in 1996. Petitioner argues that even if this is so, his rights under section 22-3402(4) of the Kansas Statutes were violated when the state court accepted his plea after the statutory 90-day period expired. Federal habeas relief is not available, however, for violations of state law. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

In addition, although extreme delays can rise to the level of a constitutional speedy trial violation, here petitioner has not shown that he was subjected to a "presumptively prejudicial" delay. *See Barker v. Wingo*, 407 U.S. 514, 530-32

(1972) (adopting balancing test for constitutional speedy trial claims and cautioning that until "there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors"); *United States v. Lugo*, 170 F.3d 996, 1002 (10th Cir. 1999) (holding seven-month delay is not presumptively prejudicial).

Petitioner next argues that the state court's failure to apply its new sentencing guidelines to him violated his constitutional rights. We begin by noting that petitioner does not have a constitutional right to the application of a sentencing statute enacted after the date he committed his crime, and the cases he cites do not support a contrary proposition. Further, in this case it makes no difference whether petitioner was sentenced under the law in effect when he committed his crimes or the law in effect when he was sentenced in 1997, as under either law he was not entitled to a shorter sentence because of the seriousness of his crimes.

Petitioner contends that because section 21-4724(f) treats similar offenders differently based on the date of their offense, the law denies him his right to equal protection. A sentencing classification does not violate equal protection if it is rationally related to a legitimate government interest. *United States v. McKissick*, 204 F.3d 1282, 1300 (10th Cir. 2000). Here, the Kansas Supreme Court identified a legitimate goal underlying section 21-4724(f)'s differential

-7-

treatment of defendants who committed their crimes before July 1, 1993: to avoid potential ex post facto problems. *Fierro*, 895 P.2d at 190-91. As the prohibition against ex post facto laws protects a defendant from penalties that are harsher than those in effect when the crime was committed, it is rational to differentiate between offenders based on the date of their offenses. *See Johnson v. United States*, 529 U.S. 694, 699 (2000) (holding ex post facto clause "bars application of a law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, *when committed*.") (quotation omitted, emphasis added).

Petitioner next argues that his attorney was ineffective during the second criminal proceeding by (1) failing to request a new identification line-up; (2) failing to seek dismissal based on the alleged double jeopardy and due process violations caused by the refiling of the same charges with additional elements; (3) informing petitioner that the State had 180 days to try petitioner under the speedy trial provisions instead of the actual 90 days; (4) failing to file for dismissal after the 90-day period expired; and (5) seeking a continuance after the 90-day period expired. The district court correctly dismissed these claims.

Petitioner has not shown that counsel's decision regarding a new line-up was anything other than a strategic decision or that it prejudiced petitioner. His second claim lacks merit for the reasons identified in this decision. Regarding his

speedy trial claims, we begin by noting that it is not clear that section 22-3402(4) applies here, as petitioner's convictions were not "reversed on appeal," but instead were set aside in a post-conviction proceeding. Even if we were to assume that the 90-day limit applies, petitioner has not demonstrated a speedy trial violation, as the statute excepts from computation delays attributable to petitioner. Kan. Stat. Ann. § 22-3402(1). During the approximately five months between the date petitioner's convictions were set aside and the date he again pleaded guilty, petitioner or his attorney filed twelve separate motions, requiring numerous hearings, and filed a notice that petitioner's competency would be contested, requiring an evaluation. In light of the delays chargeable to petitioner, he has not shown that his attorney's decisions regarding the speedy trial issue were unreasonable or prejudicial. Petitioner's unsupported claim that his attorney had an ongoing conflict of interest was also properly dismissed.

Petitioner's application for a certificate of appealability is DENIED and his appeal is DISMISSED. Petitioner's motion to supplement the record on appeal is DENIED as moot. Petitioner's mandamus petition is DISMISSED as moot. The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge

-9-